## Case No. 1,225.

BEECHER et al. v. GILLETT et al.

[1 Dill. 308.] [1]

Circuit Court, D. Nebraska. 1871.

REMOVAL OF CAUSES—PARTIES — SUBSTITUTION OF NON-RESIDENT FOR RESIDENT.

In an action of replevin commenced in the state court by a resident citizen against a sheriff who has seized goods at the instance of non-resident creditors, the latter under a statute of the state by the order of the state court, were substituted as defendants "in lieu" of the sheriff who was discharged from liability: *Held*, that being thus made sole defendants, the non-resident creditors were entitled, on filing the requisite petition, to have the cause removed to the proper federal court.

At law. On motion to remand the cause to the state court. This is an action of replevin, commenced originally in one of the state courts. The plaintiffs in the action are Beecher & Toncray. The defendant in the petition in replevin was one A. J. Arnold, sheriff of Platte county. The goods sought were taken on the writ of replevin by the coroner and delivered to the plaintiffs. The sheriff filed an answer in the state court and claimed therein to hold the property by virtue of a writ of attachment directed to him in a suit in one of the state courts, wherein Gillett & King were plaintiffs, and Dale & Co., were defendants, and that he seized and held the said property as the property of Dale & Co. Under provisions of a statute of the state of Nebraska, the sheriff subsequently filed his affidavit stating, in substance, that he had no interest in the suit except as an officer; that the real parties in interest were Gillett & King, and he asked the court "to substitute them in his stead as parties defendant to the action." The court, after argument, granted the application, and entered an order that the said Gillett & King "be, and they are hereby, made parties defend-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

ants in this action in lieu and in the stead of A. J. Arnold, sheriff, &c., and the said Arnold is hereby discharged from all liability to the parties to this action, in respect to the subject matter thereof." When the order of substitution was made, Gillett & King filed their petition in the state court for the removal of the cause into the circuit court of the United States. The petition for removal describes the nature of the replevin action and states that the petitioners are the real defendants; that the amount in controversy exceeds $500; that the petitioners, Gillett & King, are citizens of the state of Illinois; that from prejudice and local influence they will not be able to obtain justice in the state court, and offers the requisite security for entering copies, &c., in the circuit court. The state court ordered the cause to be removed; and in this court the plaintiffs now move that the same be remanded to the state court. [Denied.]

Woolworth & Doane, for the motion.

Redick & Howe, opposed.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. The state court construed the statute of the state to authorize the substitution of the creditors as parties in the place of the sheriff, and if that ruling were before us for review, we are not prepared to hold that it was erroneous. St. Neb. 1867, p. 400, §§ 48, 49. The substitution of the parties for whom the sheriff acts "in lieu" of the sheriff, in an action brought against him for the recovery of personal property taken under execution, or for the proceeds of such property, is expressly provided for; and the extension of the right, by construction, to property taken under attachment is not unreasonable, and was regarded by the state court as within the true meaning and purpose of the enactment. Such legislation is not unusual. Revision Iowa, 1860, § 2768; Gunn v. Gudehus, 15 B. Mon. 449.

Gillett & King were made defendants in lieu of the sheriff, who was discharged from all liability to the present plaintiffs. Upon this order being made, Gillett and King, who were citizens of another state, filed their petition in due form for the removal of the cause. They were nonresident creditors of Dale & Co., resident debtors. The latter made a sale of their property to the present plaintiffs, also residents of Nebraska. The validity of this sale Gillett & King attacked by their attachment levy.

The adversary parties to the controversy are Gillett & King, of Illinois, on the one side, and the present plaintiffs, of Nebraska, on the other. By the order of the state court (which we must assume to be correct), Gillett & King were made the sole defendants on the record, and filed their petition for removal in due form, stating the existence of local influence and prejudice. This case is

distinguishable from Nye v. Nightingale, (1860,) 6 R. I. 439, decided under section 12 of the judiciary act, [1 Stat. 79,] where the resident officer was held to be not only a party, but a necessary party. In our judgment, the court properly ordered the removal, and the motion to remand is denied.

Motion overruled.